# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

LEVON DEAN, JR.,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C18-4044-LTS
(Crim. No. 13-CR-4082-LTS)

**MEMORANDUM**
**OPINION AND ORDER**

_____

## I.    INTRODUCTION

This matter is before me on a motion, amended motion and addendum (Docs. 1, 2, 3) filed by Levon Dean, Jr., to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Dean alleges he is entitled to relief (1) based on a retroactive application *United States v. Davis*, 139 S. Ct. 2319 (2019), and (2) because he received ineffective assistance of counsel.  After this court appointed counsel (Doc. 5), the Government resisted Dean's motion (Doc. 9) and both parties filed multiple briefs on the merits.  *See* Docs. 32, 45, 50, 57.  I find that an evidentiary hearing is not required.

## II.    BACKGROUND

On August 29, 2014, a jury found Dean guilty of the following charges set forth in a third superseding indictment (Crim. Doc. 154):

Count 1:  Conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Hobbs Act conspiracy)

Counts 2 and 3:  Interference with commerce by robbery in violation of 18 U.S.C. §§ 2 and 1951 (Hobbs Act robbery)

Counts 6 and 7: Possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) and 924(c)(1)(C)(i);[1]

Counts 9: Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2).

Crim. Doc. 284, 366. The jury found Dean not guilty of carjacking in violation of 18 U.S.C. §§ 2 and 2119(1) (Counts 4 and 5) and interstate transportation of a stolen vehicle in violation of 18 U.S.C. §§ 2 and 2312 (Count 10). Crim. Docs. 284, 289.

On January 23, 2015, Dean was sentenced to 400 months' imprisonment, consisting of 40 months on Counts 1, 2, 3 and 9, to be served concurrently, plus 60 months on Count 6 and 300 months on Count 7, with the sentences on Counts 6 and 7 to be served consecutively to each other and to the sentences on all other counts. Crim. Doc. 366 at 3. The Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Dean*, 810 F.3d 521 (8th Cir. 2015).

The Supreme Court granted a writ of certiorari in December 2016 (Crim. Doc. 409) and ultimately reversed the Eighth Circuit on a matter unrelated to the issues now before me. *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017). The case was remanded for a resentencing hearing, at which Dean was sentenced to 360 months and one day of imprisonment. Crim. Doc. 418. That term consists of one day on Counts 1, 2, 3 and 9, to be served concurrently, plus 60 months on Count 6 and 300 months on Count 7, with the sentences on Counts 6 and 7 to be served consecutively to each other and to the sentences on all other counts. Crim. Doc. 418 at 3.

Dean filed a timely motion (Doc. 1) on May 22, 2018, to set vacate, set aside or correct his sentence under 18 U.S.C. § 2255. He filed an amended motion (Doc. 2) on June 15, 2018, and an addendum (Doc. 3) on July 16, 2018. After counsel was appointed for Dean (Doc. 5), the Government filed an answer (Doc. 9) to the motion. Appointed

---

[1] With regard to Counts 6 and 7, the jury found Dean not guilty of the more serious offenses of brandishing a firearm in furtherance of a crime of violence. Crim. Docs. 284, 289.

counsel then submitted a brief (Doc. 32) on Dean's behalf.  The Government filed a response (Doc. 37) and Dean filed a reply (Doc. 45).  After Dean filed another supplement (Doc. 49), the parties filed additional briefs (Docs. 50, 57).  This case is now fully submitted and ready for decision.

### III.  LEGAL STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence.  *See* 28 U.S.C. § 2255(a).  To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255).  If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted).  Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing."  *Id.* (citation omitted).  Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]").  A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal.  *See United States v. Frady*, 456 U.S. 152, 165 (1982)

3

("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## IV.  DISCUSSION

Dean alleges his convictions for possession of a firearm in furtherance of a crime of violence (Counts 6 and 7) should be vacated as being unconstitutional under *Davis*. I will refer to this claim for relief as a *Davis* claim (claim one). Additionally, Dean claims his former counsel failed to raise and preserve a *Davis* claim, which amounted to ineffective assistance of counsel (claim two). *Id.* Finally, Dean alleges five additional instances of ineffective assistance of counsel (claims 3 through 7).

### A.  Waiver

After the court appointed Dean counsel for his § 2255 motion, counsel filed a merits brief addressing only the *Davis* claim and its related ineffective assistance of counsel claim. *See* Doc. 32. Counsel did not address the other arguments in Dean's motion. *Id.* Those claims allege that trial counsel was ineffective by failing to:

a.      request a jury instruction to ensure jurors understood that while they could have convicted him of brandishing a weapon in furtherance of a crime of violence, or of a lesser-included charge, they did not have to convict him at all (claim 3).

b.      object to the all-white jury panel (claim 4).

c.      object to the sufficiency of the evidence on the robbery charges, specifically that the Government had not established the robbery affected interstate commerce (claim 5).

d.      move to suppress cell phone evidence as being the fruit of an illegal search (claim 6).

e.      object to the relevance and prejudicial nature of a round of ammunition submitted into evidence (claim 7).

*See* Docs. 1, 2, 3. Counsel stated:

> Mr. Dean's counsel will only be substantively arguing one issue, [claim one] however, this is an issue that is especially compelling in light of the *United States v. Davis* case. There is direct adverse case law in 8th Circuit on this issue and Mr. Dean believes this case presents an excellent candidate for a certificate of appealability. [Claim six] is potentially a good issue, but very difficult without an actual evidentiary hearing on this. Mr. Dean will provide cursory briefing on [claim six]. [Claim one] is very meaty though and will devote his wattages there.

Doc. 32. While counsel states he would substantively argue only claim one, his argument addresses both the *Davis* claim and its related ineffective assistance of counsel claim. *See* Doc. 32. Dean did not submit further briefing on any other issues.

When counsel abandons claims set out in an initial habeas petition, that abandonment constitutes waiver of the non-addressed claims. *Harper v. Nix*, 867 F.2d 455, 457 (8th Cir. 1989) ("[Defendant] contends that counsel's decision to abandon the claims set out in his initial federal habeas corpus petition should not constitute a waiver of these claims because counsel acted without his consent . . . . We disagree."); *see also Dantzler v. Sperfslage*, 2019 WL 1460898, at *5 (N.D. Iowa, April 2, 2019) (claims raised in the initial petition but not subsequently briefed were waived); *Braggs v. Bartruff*,

2018 WL 11229134, at *4 (N.D. Iowa, May 23, 2018) (citing *Harper*). Therefore, I find Dean waived claims 3 through 7 because counsel chose not to address any of those claims in counsel's brief.

Even if counsel's suggestion that Dean would brief claim six himself was an attempt to prevent waiver, it would be unsuccessful. Defendants do not have a constitutional right to hybrid representation or the right to act as "co-counsel." *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992) ("[T]he district court may properly require the defendant to choose either to proceed pro se, with or without the help of standby counsel, or to utilize the full assistance of counsel ...."). "Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

However, a court has discretion to allow hybrid representation where defendant takes over "some functions of counsel." *United States v. Lamm*, 5 F.4th 942, 950 (8th Cir. 2021) (quoting *Fiorito v. United States*, 821 F.3d 999, 1003–04 (8th Cir. 2016). Still, a "district court has no obligation to entertain pro se motions filed by a represented party." *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (internal quotation marks omitted). Here, counsel made a calculated decision to address only certain claims for relief. Although counsel suggested that Dean might file additional briefing – which I would not be required to consider under *Pate* – Dean did not do so. *See* Doc. 45 ("After further review and research, Movant has decided not to file an extensive brief.")

I find Dean has waived claims 3 through 7, leaving only his *Davis* claim and its related ineffective assistance of counsel claim.

**B.    *Procedural Default***

Generally, a movant cannot bring a claim in a § 2255 motion if he or she did not raise it on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001).

However, a party may raise an ineffective assistance of counsel claim for this first time on collateral review. *United States v. Ramirez–Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006). Here, the Government argues Dean procedurally defaulted on his *Davis* claim because he did not raise the issue at trial or on direct appeal. *See* Doc. 50. Dean argues that any procedural default is excused because either (1) the *Davis* claim was so novel that he was not required to raise it on direct appeal, or alternatively, (2) if the claim was not novel, counsel was ineffective for failing to raise the issue. *See* Doc. 57 at 12–15.

"In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Because there appears to be no dispute that Dean procedurally defaulted on his *Davis* claim, I will consider whether he has established the cause and actual prejudice needed to overcome the default.[2]

To show cause, Dean must identify "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Ruff v. Armontrout*, 77 F.3d 265, 267 (8th Cir. 1996) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A novel legal theory may constitute cause justifying procedural default, *see Murray*, 477 U.S. at 489–90, but "the standard is a strict one – the constitutional claim must be 'so novel that its legal basis is not reasonably available to counsel.'" *Heffernan v. Norris*, 48 F.3d 331, 333 (8th Cir. 1995) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The constitutional claim may be reasonably available if other courts have analyzed the question. *See United States v. Scott*, 218 F.3d 835 (8th Cir. 2000) (claim was reasonably available on direct appeal because even though the question had not been addressed by the Eighth Circuit, other circuit courts had discussed the issue and reached different conclusions). However, "the question is not whether subsequent legal developments have

---

[2] Dean makes no argument of actual innocence.

7

made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Wallace v. Lockhart*, 12 F.3d 823, 826 (8th Cir. 1994) (*quoting Smith v. Murray*, 477 U.S. 527, 537 (1986)). "If a movant fails to show cause, the court need not consider whether actual prejudice exists." *McCleskey v. Zant*, 499 U.S. 467, 501 (1991).

Thus, to determine whether to excuse Dean's procedurally default, I must consider whether the *Davis* claim was reasonably available at the time of his direct appeal. *Heffernan*, 48 F.3d at 333 (citing *Reed*, 468 U.S. at 16). The initial judgment (Doc. 366) against Dean was entered January 28, 2015, and he filed his notice of appeal (Doc. 368) on January 30, 2015. *Davis* was decided on June 24, 2019.

The path that lead to the *Davis* decision requires an explanation that will also be relevant to the merits of Dean's motion. At issue in this case is 18 U.S.C. § 924(c)(3), which states:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is often referred to as the "elements clause" or "force clause" while subsection (B) is referred to as the "residual clause." *Davis* held that the residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

*Davis* was one of a series of cases that addressed the constitutionality of residual clauses in various criminal and immigration statutes. In *Johnson v. United States*, 576 U.S. 591 (2015), the Court invalidated the residual clause in the definition of "violent felony" in the Armed Career Criminal Act (ACCA). *Id.* at 606. That clause encompassed any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

8

Before *Johnson*, the ACCA's residual clause had been heavily litigated. For example, between 2007 and 2011 the Supreme Court issued four decisions that attempted to define the contours of which prior convictions were "violent felonies" under the residual clause. *See Sykes v. United States*, 131 S. Ct. 2267 (2011); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008); *James v. United States*, 550 U.S. 192 (2007). Various dissenting opinions noted the ambiguity of the residual clause. *See Begay*, 553 U.S. at 155, (Alito, J., dissenting) ("The statutory provision at issue in this case—the so-called residual clause of 18 U.S.C. § 924(e)(2)(B)(ii)—calls out for legislative clarification.") (quotations omitted); *James*, 550 U.S. at 1602 (Scalia, J., dissenting) (noting that holding the residual clause to be unconstitutionally vague was one of only two options the Court should exercise); *Sykes*, 564 U.S. at 35 (Scalia, J., dissenting) ("Because the majority prefers to let vagueness reign, I respectfully dissent."). In *Johnson*, the Court acknowledged that it was reversing course on ACCA's residual clause by holding it void for vagueness:

> It has been said that the life of the law is experience. Nine years' experience trying to derive meaning from the residual clause convinces us that we have embarked upon a failed enterprise. . . . Invoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process.

567 U.S. at 601-02.

In 2017, the Eighth Circuit held that despite *Johnson's* possible implications for § 924(c)'s residual clause, Hobbs Act robbery qualifies as a crime of violence under § 924(c). *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017). Regardless of whether *Johnson* extended to § 924(c)'s residual clause, the court found that Hobbs Act robbery satisfied the elements clause in the statute's definition of crime of violence. *Id.*

In 2018, the Supreme Court held that a similar residual clause in the Immigration and Nationality Act was unconstitutional. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018). The Court decided *Davis* one year later, extending the holding in *Johnson* to § 924(c)'s residual clause. *Davis*, 139 S. Ct. at 2335-36.

In addressing the issue of whether a *Davis* claim was reasonably available to Dean at the time of his direct appeal, the Government provides the following quote from *Lindsey v. United States*, 615 F.3d 998, 1000–01 (8th Cir. 2010):

> We are not unsympathetic to Lindsey's contention that he should be excused for failing to make an argument that, at the time, had no chance of success either at the district court or before this court. As the Supreme Court has instructed, however, "perceived futility alone cannot constitute cause." *Smith v. Murray*, 477 U.S. 527, 535 (1986) (*citing Engle v. Isaac*, 456 U.S. 107, 130, (1982)). In *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998), for example, the Supreme Court declined to find cause for a procedural default where a defendant failed raise the argument, at the time foreclosed in the Eighth Circuit, that he was not guilty of "using" a firearm within the meaning of 18 U.S.C. § 924(c)(1). *Bousley*, 523 U.S. at 616, 622–23, 118 S .Ct. 1604. The Court reiterated that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.' " *Id.* at 623, 118 S. Ct. 1604 (citations omitted). We therefore conclude that Lindsey has failed to show cause necessary to overcome his procedural default.

Doc. 50 at 7. In *Lindsey*, the petitioner had been found to have previously committed two crimes of violence, resulting in an increased base offense level under U.S.S.G. § 2K2.1(a)(2). *Lindsey*, 615 F.3d at 999. One was a conviction for driving under the influence of alcohol (DUI). *Id.* at 1000.

At the time of Lindsey's sentencing, Eighth Circuit law provided that DUI was a violent felony under the ACCA's residual clause. *United States v. McCall*, 439 F.3d 967, 972 (8th Cir. 2006) (en banc); *United States v. Webster*, 442 F.3d 1065, 1067–68 (8th Cir. 2006). Lindsey did not argue otherwise. Because the definition of crime of violence in the sentencing guidelines included the same residual clause set forth in the ACCA, any such argument was "squarely foreclosed in this circuit." *Lindsey*, 615 F.3d at 1000.

The Supreme Court later held that DUI is not a violent felony under the ACCA. *Begay v. United States*, 553 U.S. 137, 147-48 (2008). When Lindsey invoked *Begay* to

seek relief on collateral review, the Eighth Circuit held that even though Lindsey's argument had been foreclosed by controlling caselaw at the time of his direct appeal, "perceived futility cannot alone constitute cause." *Lindsey*, 615 F.3d at 1000–01. Thus, to preserve the claim for future collateral review, Lindsey should have raised the issue on direct appeal despite that it was contrary to controlling circuit law. *Id*.

Unlike the situation in *Lindsey*, Dean's claim that Hobbs Act robbery did not qualify as a crime of violence under § 924(c) was not "squarely foreclosed" at the time of his direct appeal. The claim had not been addressed by any of the circuit courts and the legal theory giving rise to his *Davis* claim did not develop until long after his appeal. That theory had been discussed in three Supreme Court dissenting opinions by the time Dean filed his direct appeal. However, the connection between the legal theory supporting *Davis* and a handful of dissenting opinions about a separate, though similar, statute is simply too attenuated to suggest Dean's claim was reasonably available at the time of his direct appeal. Therefore, Dean has established the cause required to overcome procedural default.

However, Dean must also establish prejudice. *Jennings,* 696 F.3d at 764. Assessing prejudice requires examination of the merits of Dean's claims.

### C. **Davis** *and § 924(c)*

Dean raises two arguments related to *Davis*. First, he claims his two convictions for possession of a firearm in furtherance of a crime of violence (Counts 6 and 7) must be vacated because they are unconstitutional in light of *Davis*. Docs. 1, 2, 3. Second, he claims he received ineffective assistance of counsel because his trial counsel failed to preserve a *Davis*-type claim when he did not object, either at trial or on appeal, to Hobbs Act robbery serving as the predicate offense for his § 924(c) convictions. Docs 2, 3.

### 1.      Does **Davis** *invalidate Dean's convictions on Counts 6 and 7??*

As noted above, the jury found Dean guilty of two counts of Hobbs Act robbery (Counts 2 and 3) and two counts of possession of a firearm in furtherance of a crime of violence (Counts 6 and 7).  The court's jury instructions provided that to find Dean guilty on Count 6, the jury had to find that he was guilty of Count 2 (Hobbs Act robbery on April 15, 2013) and/or Count 4 (carjacking on April 15, 2013).  Doc. 279 at 30-31.  Similarly, to find Dean guilty on Count 7, the jury had to find that he was guilty of Count 3 (Hobbs Act robbery on April 24, 2013) or Count 5 (carjacking on April 24, 2013).  *Id.*  Because the jury found Dean not guilty on the carjacking charges (Counts 4 and 5), it is clear that the two Hobbs Act robberies were the offenses that formed the basis of the jury's findings of guilt on Counts 6 and 7.  The Eighth Circuit had previously held, in an unpublished opinion, that Hobbs Act robbery was a crime of violence.  *See Cox v. United States*, 210 F.3d 378, 2000 WL 349283, at \*2 (8th Cir. April 5, 2000).

As described above, the Supreme Court began invalidating residual clauses in various statutes about a year after Dean was sentenced.  In *Johnson*, the Court invalidated the ACCA's residual clause, which is nearly identical to the residual clause in § 924(c).  *Johnson,* 576 U.S. at 606.  However, in 2017 the Eighth Circuit held that *Johnson* did not affect the status of Hobbs Act robbery as a crime of violence because, even disregarding § 924(c)'s residual clause, Hobbs Act robbery satisfies § 924(c)'s elements clause.  *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017).  The Supreme Court invalidated § 924(c)'s residual clause in 2019.  *Davis*, 139 S. Ct. at 2319.

While Dean argues otherwise, *Diaz* remains good law post-*Davis*.  *See United States v. Lewis*, 775 Fed. Appx. 260, 216 (8th Cir. 2019) ("We further conclude that Lewis has failed to show that he benefits from *Davis*, as we have previously held that Hobbs Act robbery qualifies as a 'crime of violence' under the 'force clause' of 18 U.S.C. § 924(c)(3)(A).") (*citing Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017)); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019) (holding Hobbs Act robbery is a predicate offense under the elements clause of § 924(c)); *United States v. Wright*,

12

779 Fed. Appx. 419, 420 (8th Cir. 1019) ("Wright's argument that his firearm conviction is invalid because it hinges on the constitutionally unsound residual clause of section 924(c)(3), while arguably not barred by the appeal waiver, is foreclosed by this Court's precedent.").

Dean cites a single district court case from within the Ninth Circuit to support his argument that Hobbs Act robbery is no longer a crime of violence. Doc. 45 (citing *United States v. Chea*, No. 98-cr-20005-1, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019)). However, the Ninth Circuit later held otherwise. *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020) (reaffirming for the first time post-*Davis* that Hobbs Act robbery is a crime of violence under § 924(c)). This holding is in line with every other circuit that has addressed the question. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019); *United States v. Buck*, 847 F.3d 267, 275–76 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *In re St. Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).

In short, *Davis* does not prevent Hobbs Act robbery from serving as a predicate offense for a § 924(c) conviction. Because the Eighth Circuit has unequivocally held that Hobbs Act robbery satisfies the elements clause, *Davis* affords Dean no relief. *See Lewis*, 775 Fed. Appx. at 216; *Jones*, 919 F.3d at 1072; *Wright*, 779 Fed. Appx. at 420.

### 2. *Did Dean receive ineffective assistance of counsel?*

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness,"

13

*Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Since a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining *Strickland* prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

14

### a. Claim 2

As explained above, Dean's convictions for two Hobbs Act robberies appropriately serve as the predicate offenses for his two § 924(c) convictions. Even if counsel should have raised an argument to the contrary, Dean cannot show prejudice because *Davis* does not provide him relief. Because Dean cannot demonstrate actual prejudice, there is no need to address the issue of whether counsel acted reasonably.

### b. Claims 3 through 7

While I find Dean has waived claims 3 through 7, I will address them briefly to explain why they also would fail on their merits.

In claim 3, Dean alleges his counsel was ineffective because he failed to request a jury instruction clarifying that the jurors were not required to find Dean guilty of any offense. Doc. 1–2. The jury instructions explained that the defendants were entitled to the presumption of innocence and the Government carried the burden to prove the elements of each charged offense beyond a reasonable doubt. *See* Crim. Doc. 271-3. Dean has failed to show that his counsel acted unreasonably, or that Dean was prejudiced.

In claim 4, Dean alleges his counsel failed to object to his all-white jury pool. Under *Berguis v. Smith*, 559 U.S. 314, 327 (2010):

> To establish a prima facie violation of the fair-cross-section requirement . . . a defendant must prove that: (1) a group qualifying as distinctive (2) is not fairly and reasonably represented in jury venires, and (3) systematic exclusion in the jury-selection process accounts for the underrepresentation."

(quotations omitted). Dean has offered no analysis to support relief under *Berguis*, nor that counsel acted unreasonably resulting in prejudice to Dean.

In Claim 5, Dean alleges counsel failed to argue the Government had not established the acts underlining his Hobbs Act robbery convictions affected interstate commerce. Doc. 3. However, counsel repeatedly made this argument to the jury. *See,*

*e.g.,* Crim. Doc. 393 at 56–57. Counsel also made this argument in post-trial motions. *See* Crim. Doc. 317. Dean is not entitled to relief on this claim.

In Claim 6, Dean alleges his counsel "should have objected to the search, conducted upon execution of the arrest warrant, moving to suppress the evidence of the two cell phones recovered." Doc. 3, at 9–10. Dean provides no additional factual details to support this claim. He has included no references to the record showing how the Government used evidence at trial that had been gathered in violation of his Fourth Amendment rights. In fact, Dean provides no information about the cell phones, other than his conclusory statements about their admissibility. See Doc. 3 at 9–10. It is not clear from his briefing what cell phones he is discussing, who they belonged to, or how they were used at trial. As such, Dean has not shown that his counsel acted unreasonably or that he suffered prejudice.

In claim 7, Dean alleges counsel failed to "object to the Government leading the jury to believe that the bullet fired at the officer matched the firearm recovered from the trash can." Doc. 3, at 11. Dean provides no citation to the record to clarify how the Government led the jury to believe what Dean suggests, nor does he provide any legal citation that would support such an objection. His perfunctory briefing does not establish that his counsel acted unreasonably or that he suffered prejudice.

### 3.    *Has Dean overcome procedural default on his* **Davis** *claims?*

As noted above, "[i]n order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings*, 696 F.3d at 764 (8th Cir. 2012) (citing *Bousley* 523 U.S. at 622). Because *Davis* provides Dean no relief, he suffered no prejudice. Without a showing of prejudice, Dean cannot overcome the procedural default of his *Davis* claim.

## D.     *Certificate of Appealability*

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. " '[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find Dean failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion and his motions to amend. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Thus, a certificate of appealability will not issue. If he desires further review of his §

2255 motion, Dean may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## V.  CONCLUSION

For the reasons discussed above, Dean's motion, amended motion and addendum (Docs. 1, 2, 3) under 28 U.S.C. § 2255 are **denied** as to all claims and this action is **dismissed with prejudice**.  No certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED** this 28th day of September, 2021.

_____
Leonard T. Strand, Chief Judge